ZACHARY MORRIS,

        Plaintiff,

                              Case No. 26-cv-513-pp

   v.

K-SWISS, INC.,

        Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION TO STAY CLASS CERTIFICATION AND FOR RELIEF FROM AUTOMATIC BRIEFING SCHEDULE (DKT. NO. 3)**

On March 29, 2026, the plaintiff filed a class action complaint. Dkt. No. 1. That same day, he filed a Rule 7(h) Expedited, Non-Dispositive Motion for Class Certification. Dkt. No. 3. In this motion, the plaintiff seeks to certify the class but asks to stay further proceedings on that motion and to relieve him (and, parenthetically, the defendant) of the briefing requirements imposed by Civil Local Rules 7(a)–(d) (E.D. Wis.). Id. at 2-3. The plaintiff asks the court to "enter an order certifying the proposed classes in this case, appointing the Plaintiff as class representative, and appointing Stein Saks PLLC as Class Counsel . . . ." Id. at 3. The plaintiff "further requests that the Court stay this class certification motion until an amended motion for class certification is filed, and that the Court grant the parties relief from the local rules' automatic briefing schedule and requirement that Plaintiff file a brief and supporting documents in support of this motion." Id. The plaintiff explains that the

1

purpose of this motion is to prevent the defendant from mooting the plaintiff's case "by depositing funds equal to or in excess of the maximum value of the plaintiff's individual claim with the court and having the court enter judgment in the plaintiff's favor prior to the filing of a class certification motion." Id. at 1, ¶2 (citing Campbell-Ewald Co. v. Gomez, 577 U.S. 153, 166 (2016)).

Some fifteen years ago, in Damasco v. Clearwire Corp., 662 F.3d 891, 896 (7th Cir. 2011), the Seventh Circuit suggested that representative plaintiffs "move to certify the class at the same time that they file their complaint." It explained that "[t]he pendency of that motion protects a punitive class from attempts to buy off the named plaintiffs." Id. The court based this suggestion on its interpretation of the Article III case-or-controversy requirement, reasoning that a class action could be mooted by a defendant's depositing the required surety and obtaining judgment before the plaintiff could seek class certification. Id. at 894–95.

Several years later, in Chapman v. First Index, Inc., 796 F.3d 783 (7th Cir. 2015), the Seventh Circuit overruled Damasco to the extent of holding that a defendant's offer of full compensation would not end the Article III case or controversy.[1] But in the decade since, the Seventh Circuit has faced similar attempts to "buy off" representative plaintiffs, and has addressed those attempts under Federal Rules of Civil Procedure 67 and 68. Fulton Dental, LLC v. Bisco, Inc., 860 F.3d 541 (7th Cir. 2017); Chapman, 796 F.3d 783. Even

---

[1] "We overrule Damasco . . . and similar decisions to the extent they hold that a defendant's offer of full compensation moots the litigation or otherwise ends the Article III case or controversy." Chapman, 796 F.3d at 787.

though it overruled <u>Damasco's</u> mootness holding, the Seventh Circuit has "observed that the safest way to preserve the option of serving as a class representative is to file a prophylactic motion for class certification at the time the lawsuit is filed." <u>Fulton Dental</u>, 860 F.3d at 546 (citing <u>Damasco</u>, 662 F.3d at 897). The plaintiff has done that here, albeit via Civil L.R. 7(h), which is designed to allow parties to address minor discovery disputes without having to go through the standard, more lengthy briefing schedule mandated by Civil L.R. 7(a)–(d).

The court **GRANTS** the plaintiff's Rule 7(h) motion to stay proceedings on the motion for class certification, for relief from memorandum, supporting documents and automatic briefing requirements. Dkt. No. 3.

The court **ORDERS** that the plaintiff (and, in the event that the defendant makes an appearance, the defendant) are relieved from the briefing schedule required by Civil L.R. 7(a)-(d) and Civil L.R. 7(a)'s requirement that the plaintiff file a brief and supporting documents in support of the motion for class certification.

Dated in Milwaukee, Wisconsin this 1st day of June, 2026.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**

3